[Civ. No. 13270. Third Dist. Oct. 30, 1972.]

MARGO STRATTON et al., Plaintiffs and Appellants, v.
BOARD OF TRUSTEES OF THE PLUMAS UNIFIED
SCHOOL DISTRICT et al., Defendants and Respondents.

COUNSEL

Minasian, Minasian & Minasian and Paul R. Minasian for Plaintiffs and Appellants.

Morris Durrant, District Attorney, and Baird B. McKnight, Deputy District Attorney, for Defendants and Respondents.

OPINION

**PERLUSS, J.***—This is an action by a group of parents who seek to enjoin the trustees of Plumas Unified School District from closing the Meadow Valley Elementary School. From a judgment in favor of defendants, plaintiffs appeal.

The single issue presented is the interpretation and application of section 3106 of the Education Code.

Meadow Valley Elementary School is located in the small community of Meadow Valley. It is within the Plumas County Unified School District, and is approximately eight and a half miles distant from Quincy Elementary

---

*Assigned by the Chairman of the Judicial Council.

School in Quincy. Only the first six grades are taught in the Meadow Valley School. Kindergarten and high school students from Meadow Valley are bussed to Quincy.

After the school district unification in 1949, the board of trustees permitted students to attend either the Meadow Valley or the Quincy School as their parents desired. It was found, however, that on occasion children registered at Meadow Valley, unbeknownst to school or parents, would take the school bus to Quincy and attend the Quincy School for the day. At the request of Meadow Valley parents, accordingly, in 1956, the board adopted the policy that Meadow Valley students could attend only the Meadow Valley School and could not attend the Quincy School without special justification.

Some of the Meadow Valley parents ultimately became dissatisfied with this policy for various reasons and wanted to send their children to the Quincy School. In response to their request, the board's minutes of February 4, 1969, reflect in minute order 4969, "The subject of attendance at Meadow Valley School was thoroughly discussed by the Board, the Administrative Staff, and members of the audience. . . . It was moved by Mrs. Bohne, seconded by Mr. Guzenski that the parents residing in the community of Meadow Valley, be given the option of sending their children to either Quincy Elementary School or Meadow Valley Elementary School, but that a parent's decision, once made on the school of attendance, is irrevocable for that school year. Record vote: Ayes, Guzenski, Bohne, Boss, Garrett. Noes, Rutherford. Motion carried."

Pursuant to this action, the parents of Meadow Valley exercised their option to send their children to one school or the other for the 1969-1970 school year. During that year, the Meadow Valley School had one teacher and nine students.

On April 9, 1970, the board met and discussed the continuing operation of the Meadow Valley School. After hearing from interested persons, it was determined that the school would be closed at the conclusion of the 1969-1970 school year.[1]

Plaintiffs filed a timely petition pursuant to section 3106 of the Education

[1]The discussion disclosed that the teacher currently assigned had retired and that the building did not comply with the Field Act. The school also did not serve hot lunches nor have library services which were available at Quincy. Apparently, the board believed that the students would receive better quality education at Quincy at less cost. The cost of educating an average student was estimated by Superintendent Schoensee to be $733.86 at Quincy and $2,044.16 at Meadow Valley during the school year 1969-1970.

Code which then provided in part as follows:[2] "An elementary school which has been included in a unified district because of a reorganization of districts under provisions of this chapter shall be maintained as an elementary school by the unified district unless discontinued as provided in this section. The governing board of the unified district may adopt a resolution or order to discontinue the elementary school at any regular or special meeting of the board and the order or resolution shall be in effect after 30 days unless within this period of time a petition is filed with the governing board requesting the continuance of the school signed by the parents or guardians of at least 10 or one-third, whichever number is the greater, of children of elementary school age, *who are eligible to attend such school at the time of the petition.* The signature of one parent is sufficient to represent all of the children of such parent. The parents or guardians eligible to sign such petitions shall be residents within the boundaries of the component school district which maintained the school prior to the establishment of the unified school district, and shall be qualified electors within such district at the time the petition is filed, and shall have children of elementary school age *who attend or are eligible to attend such school. . . .*" (Italics supplied.)

The petition was signed by 10 parents representing 12 children. Three of the signers, however, had exercised their option to send their children to Quincy for the school year 1969-1970. The validity of the petition, accordingly, turns on whether their children were or were not "eligible to attend" Meadow Valley Elementary School at the time of the petition.

There can be little doubt that minute order 4969, adopted by the board on February 4, 1969, was reasonable and within the board's authority. It allowed the parents to make a choice, but required the choice to be ir-

---

[2]Section 3106 was amended by chapter 132, Statutes of 1972, as an urgency measure, effective June 12, 1972, by adding the following language: "This section does not apply to any unified school district which has an average daily attendance of 15,000 or more or which was unified on or before July 1, 1963, or to a school which is five miles or less from another elementary school."

Since the Plumas Unified School District was unified in 1949, the second exclusion is applicable to it. Thus, even if plaintiffs were successful in the present action, their victory could well be illusory in view of the board's present clear authority to close the school immediately without the parents' right of petition.

The statement of urgency set forth in chapter 132 is of interest. It was stated: "In several unified school districts there have been decreases in overall elementary student attendance at certain schools of component school districts that existed prior to the establishment of a unified school district. Since a number of these schools are no longer required to meet the educational needs of the community, it would be prudent to close some of these schools so that public money would not be wasted by keeping them open for another year. To authorize the mechanism of immediate closing of some of these schools, it is necessary that this act take immediate effect."

revocable for the school year 1969-1970. Obviously, the problems of budgets, hiring teachers, ordering supplies, arranging buses and a multitude of others required such certainty.

It has been held that a local board of education has the " 'power, in the exercise of reasonable discretion, to establish school attendance zones within the district, to determine the area that a particular school shall serve, and to require the students in the area to attend that school.' " (*San Francisco Unified School Dist.* v. *Johnson* (1971) 3 Cal.3d 937, 952 [92 Cal.Rptr. 309, 479 P.2d 669]; *Jackson* v. *Pasadena City School Dist.* (1963) 59 Cal.2d 876, 879 [31 Cal.Rptr. 606, 382 P.2d 878].)

It follows that in the exercise of this function a board does have the authority to determine which children are eligible to attend a particular school. (See, 29 Ops.Cal.Atty.Gen. (1957) 63, 64-65.)

Since the board of trustees of the Plumas Unified School District reasonably and lawfully adopted minute order 4969, children attending the Quincy School by their parents' choice during the school year were not "eligible to attend" the Meadow Valley School. Their parents' signatures on the Education Code section 3106 petition, accordingly, could not be taken into account and the petition was insufficient.

Plaintiffs argue that it was not intended or expected that minute order 4969 would establish a status for the purpose of Education Code section 3106. The case, however, is governed by statutory directions and not by ad hominem considerations.

The judgment is affirmed.

Friedman, Acting P. J., and Regan, J., concurred.